UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN CUTWAY, | ) |
|       Plaintiff | ) |
| v. | )    2:22-cv-00113-LEW |
| HARTFORD LIFE & ACCIDENT COMPANY, | ) |
|       Defendant | ) |

**ORDER ON MOTION TO SEAL**
**ERISA ADMINISTRATIVE RECORD**

The parties ask the Court to seal the administrative record because the record, which consists of approximately 2700 pages, "is replete with personal identifiers and protected health information." (Joint Motion to Seal, ECF No. 11.) The parties maintain that the redaction of information as required by Federal Rule of Civil Procedure 5.2 would be "unduly burdensome." (*Id.*)

When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request to seal, the Court is required to "carefully balance

the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

As reflected by Federal Rule of Civil Procedure 5.2, which allows for the redaction of certain personal information, the law recognizes a legitimate privacy interest in protecting an individual's personally identifiable information. The public interest, however, in the record upon which a court is to rule, including the administrative record in an ERISA case, is significant. The privacy interests can be adequately addressed through the redaction of the personally identifiable information. The burden of redaction does not outweigh the public interest in access to the record. *See Culver v. NXP Incorporated Long Term Disability Insurance Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1 (D. Ariz. Apr. 2, 2019) ("The annoyance and expense of taking the time to redact personal information from documents ordinarily cannot outweigh the public's right in access."); *White v. Worthington Indus., Inc. Long Term Disability Income Plan*, 266 F.R.D. 178, 196 (S.D. Ohio 2010) (denying motion to seal ERISA record in part because when otherwise private information serves as the basis for the legal claim, "[t]he plaintiff who seeks such redress ordinarily understands that in order to do so, he or she may be waiving the right to keep his or her medical history out of the public domain"). The public interest in access to judicial decisions and the record upon which the decisions are based is of "paramount" significance. *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Without access to the record, the public cannot assess the bases for the Court's decision.

The balancing of the interests, therefore, militates against the seal of the record. The Court nevertheless will grant in part the parties' motion to permit the parties to file an

appropriately redacted version of the record. The Court seals the unredacted version of the record. The parties may file an appropriately redacted version of the record on or before August 19, 2022. If the parties do not file a redacted version of the record by August 19, the unredacted version of the record will be unsealed.

The motion to seal shall be unsealed and this order shall not be sealed.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2022.