UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEVIN CUTWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00113-LEW |
| ) | |
| HARTFORD LIFE & ACCIDENT ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Kevin Cutway filed this civil action against Hartford Life & Accident Company to challenge Hartford's recoupment of overpayments made to him under a group long term disability program. The matter is before the Court on Mr. Cutway's Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 18). Following an abbreviated briefing cycle, the matter is now under advisement. For reasons that follow, preliminary injunctive relief is granted.

### BACKGROUND

Hartford Life & Accident Company administers a group long term disability ("LTD") plan (the "Plan") issued to Kevin Cutway's former employer. Because the Plan is an employee welfare benefit plan, the dispute between the parties is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

Mr. Cutway began receiving benefits under the Plan in 2016. Under the Plan, LTD benefits are subject to a setoff for payments received through certain governmental welfare programs, including payments received under the disability insurance program administered by the Social Security Administration.

In April 2019, the Social Security Administration awarded Mr. Cutway a monthly disability benefit of $1587. The parties dispute the significance of various communications between Mr. Cutway and Hartford's agents, but for one reason or another Hartford failed to make an appropriate adjustment in Mr. Cutway's monthly LTD benefit payment. After significant time passed, Hartford realized its mistake. In December 2021, Hartford notified Mr. Cutway that because it overpaid him under the LTD plan it would cease making future payments to him until it recovered approximately $52,000. Without his monthly LTD benefit check, Mr. Cutway's monthly income is insufficient to cover his monthly expenses. Cutway Aff. (ECF No. 18-1).

On July 25, 2022, Mr. Cutway filed a motion requesting discovery, an event that will extend the otherwise applicable August 29 deadline for filing of motions for judgment on the record. On August 9, Hartford filed a motion requesting an extension of its deadline to respond to the discovery motion. Also on August 9, Mr. Cutway filed the instant motion. Based on the filings, it appears likely that this matter will remain unresolved at the year's end.

## DISCUSSION

Preliminary injunctive relief is extraordinary in nature and is never awarded as of right, particularly when it is granted without giving the opposing party an opportunity to

be heard. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018). Preliminary injunctive relief is appropriate if the record before the Court demonstrates (A) that the plaintiff is likely to succeed on the merits of a claim for which injunctive relief is available; (B) that the plaintiff is likely to suffer irreparable harm absent interim relief; (C) that the balance of equities between or among the parties tips in the plaintiff's favor; and (D) that providing the requested relief will not harm the public interest. *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief the plaintiff necessarily bears the burden of establishing that the factors favor the award of a temporary restraining order. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011).

### A. Likelihood of Success

At the preliminary injunction stage a district court "is required only to make an estimation of likelihood of success and 'need not predict the eventual outcome on the merits with absolute assurance.'" *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 10 (1st Cir. 2013) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996)).

Mr. Cutway's civil action is premised on the assertion that Hartford waived or should be estopped in equity from exercising its contractual right to recoupment or restitution of amounts overpaid to Mr. Cutway because the overpayment resulted from Hartford's lack of care and attention in administering the Plan. The nature of the relief that Mr. Cutway seeks in this action is not without precedent. *See, e.g., Dandurand v. Unum*

*Life Ins. Co. of Am.*, 150 F. Supp. 2d 178, 186 (D. Me. 2001) (denying plan administrator's cross-claim for recoupment based on equitable factors); *Shields v. United of Omaha Life Ins. Co.*, 2020 WL 1956811, at *6 (D. Me. Apr. 23, 2020) (allowing discovery associated with plan participant's claim of waiver); *Burger v. Life Ins. Co. of N. Am.*, 103 F. Supp. 2d 1344, 1348 (N.D. Ga. 2000) (granting equitable relief to plan participant where plan administrator failed to adjust participant's benefit for a prolonged period despite participant's disclosure of reason to do so)). While I cannot say to a certainty whether Mr. Cutway will succeed in whole or in part based on the record now before me, he appears to have a colorable claim with sufficient justification in the record. *See Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 29 (1st Cir. 2017) (finding likelihood of success element met where "the plaintiff in at least one [similar case] succeeded").

### B. Irreparable Injury

A potential loss of funds, like that of which Mr. Cutway complains, generally does not "rise to the level of being irreparable" because "traditional economic damages can be remedied by compensatory awards." *NACM-New England, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.*, 927 F.3d 1, 5 (1st Cir. 2019) (citation omitted). However, Mr. Cutway's affidavit portrays a more dire scenario insofar as Mr. Cutway presently lacks not only sufficient revenue to pay his bills, but also the ability to sustain himself through gainful employment. Under these circumstances, Mr. Cutway has persuaded me that he faces consequences beyond a mere temporary reduction in income. *Cf. Justiniano*, 876 F.3d at 28 (concluding that the loss of self-sufficiency due to the withholding of disability benefits may result in irreparable harm). Accepting at this stage of the proceedings, without

4

deciding, that Mr. Cutway has a reasonable chance of succeeding on the merits, the nature of his predicament satisfies the irreparable injury standard.

### C. Balance of Equities

As between the parties, it is readily apparent that Hartford's decision to withhold the entirety of Mr. Cutway's monthly LTD benefit is of far greater consequence to Mr. Cutway than the partial or full payment of the benefit would be to either Hartford or the Plan, particularly during the limited pendency of this proceeding. After all, accepting on the current record that Hartford had in its possession the information necessary to properly calculate Mr. Cutway's LTD benefit, the mere existence of the overpayment strongly suggests that the sums involved are not of special concern to Hartford or the Plan. And even if Hartford ultimately prevails in this action, it can recover any overpayment resulting from this order by reducing Mr. Cutway's future payments.

### D. Public Interest

The public's interest in the outcome of the motion for temporary restraining order is a neutral factor.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 18) is GRANTED. So long as this order remains in effect, Hartford will not withhold Mr. Cutway's monthly LTD benefit payments.

**SO ORDERED.**

Dated this 29th day of August, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

5