UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN CUTWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-0113-LEW |
| | ) | |
| HARTFORD LIFE & ACCIDENT COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Plaintiff Kevin Cutway's Motion for Attorneys' Fees (ECF No. 30). Mr. Cutway requests this relief following a granted Motion for Preliminary Injunctive Relief (ECF No. 27) but prior to the resolution of the substantive issues of this case. This Motion is denied.

### BACKGROUND

Defendant Hartford Life & Accident Company is the administrator on an employer-sponsored, group long term disability (LTD) plan in which Mr. Cutway participates. Following various communications between Mr. Cutway and Hartford, Hartford failed to make an appropriate adjustment in Mr. Cutway's monthly LTD benefit payments. Overpayments were dispersed because of this oversight. Once this mistake was realized, Hartford notified Mr. Cutway that they had overpaid him and that future payments would cease until the overpayment was recovered. Mr. Cutway initiated this

action to stop Hartford from offsetting his benefits and to reimburse him the amount of money withheld to date.

Mr. Cutway then filed a Motion for Temporary Restraining Order or for Preliminary Injunction (ECF No. 18) seeking to keep Hartford from withholding his monthly benefit payments.  I issued an Order granting Plaintiff's Motion (ECF No. 27) highlighting the dire circumstances Mr. Cutway faced beyond a mere temporary reduction in income.  Without resolution of the issues present in this case, Mr. Cutway then filed a Motion for Attorneys' Fees (ECF No. 30).

## RULE OF LAW

The Employee Retirement Income Security Act (ERISA) § 502(g)(1), 29 U.S.C. § 1132(g)(1), states that "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." While district courts have discretion to award such fees, it is not unlimited. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254-55 (2010).

Under this general fee-shifting statute, a fee claimant does not need to be a prevailing party to be eligible for attorney fees.  *Id.* at 252.  However, the party requesting the fee must first show "some degree of success on the merits." *Id.* at 255. This requirement cannot be satisfied by achieving trivial success on the merits or based on a purely procedural issue. *Id.*  Rather, the requirement can be satisfied "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was

substantial or occurred on a central issue." *Id.* (cleaned up). The First Circuit has described such success as a "merits outcome [that] produces some meaningful benefit for the fee-seeker." *Gastronomical Workers Union Loc. 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp.*, 617 F.3d 54, 66 (1st Cir. 2010).

## DISCUSSION

The "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *U. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It "serves as an equitable policing measure to prevent the parties from harming one another during the litigation; to keep the parties . . . as far as possible in the respective positions they occupied when the suit began." *Francisco Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 15 (1st Cir. 2009) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953) (Frank, J.)).

In my order granting preliminary injunctive relief, I acknowledged that the nature of the relief that Mr. Cutway seeks in this action is not without precedent and noted that "[w]hile I cannot say to a certainty whether Mr. Cutway will succeed in whole or in part based on the record now before me, he appears to have a colorable claim with sufficient justification in the record." The outcome of this ruling absolutely constituted "some meaningful benefit for the fee-seeker[.]" *Gastronomical Workers Union*, 617 F.3d at 66. From this relief, Hartford would not be able to withhold Mr. Cutway's monthly LTD benefit payments pending suit. However, this success was not derived from delving into meritorious issues. I came to this conclusion largely upon considering the irreparable harm that Mr. Cutway would face if such relief was not granted. He made it clear in his

affidavit that without such funds he lacked not only sufficient revenue to pay his bills, but also the ability to sustain himself through gainful employment.

"The application for a preliminary injunction does not involve a final determination on the merits; in fact, its purpose is not to determine any controverted right, but to prevent a threatened wrong or any further perpetration of injury, and thus to protect property or rights until the issues can be determined after a full hearing." *Francisco Sanchez v. Esso Stand. Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009) (quoting *Benson Hotel Corp. v. Woods*, 168 F.2d 694, 696 (8th Cir.1948)) (cleaned up).  My decision was not determinative on merits, instead it was to preserve the status quo until the actual merits of this case are litigated.

Because I have not found the requisite degree of success on the merits, I will not dive into the issues surrounding the justification behind an award of fees or the appropriateness of the amount.  If at a later date either party is able to show some degree of success on the merits, that will be the time to explore such matters.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees (ECF No. 30) is DENIED without prejudice and instead may be litigated again at a more appropriate time.

**SO ORDERED.**

Dated this 10th day of January, 2023.

                                                /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE