UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEVIN CUTWAY,                              )
                                           )
            Plaintiff                      )
                                           )
      v.                                   )        2:22-cv-00113-LEW
                                           )
THE HARTFORD LIFE & ACCIDENT )
COMPANY,                                   )
                                           )
            Defendant                      )

**ORDER ON MOTION TO STRIKE**

In accordance with the Employee Retirement Income Security Act of 1974 (ERISA), in this action, Plaintiff asks the Court to order Defendant to reinstate disability benefits that Defendant suspended due to an alleged overpayment of benefits to Plaintiff. (Complaint at 5, ECF No. 1.)  The governing Plan provided for an offset for disability benefits paid by the Social Security Administration (SSA).  The parties evidently do not dispute that Defendant did not offset the total amount paid by SSA when paying benefits to Plaintiff.  The central issue is whether under the circumstances of this case, Defendant is entitled to a setoff for all the amounts paid by SSA.

After Defendant filed its response to Plaintiff's complaint, the Court issued a Scheduling Order in which it established deadlines for the filing of the administrative record, motions to modify the administrative record, motions for discovery, amendments to the pleadings, motions for judgment on the administrative record, and objections to the motions for judgment on the record.  (Scheduling Order, ECF No. 10.)  The Scheduling

Order also provided that "[n]o Reply Memoranda shall be filed without the prior permission of the Court." (*Id.*)

The parties subsequently filed their motions for judgment on the record and their oppositions to the motions. As part of his response, Plaintiff filed an affirmation in which Plaintiff recounted communications he had with Defendant regarding the amount he was receiving in social security benefits. (Affirmation, ECF No. 54-1.) Plaintiff also filed a reply memorandum. (Reply, ECF No. 56.)

Defendant moves to strike Plaintiff's affirmation and reply memorandum. (Defendant's Motion to Strike, ECF 57.) Defendant also asked for leave to file a reply memorandum if the Court denied the motion to strike.

### DISCUSSION

Defendant argues that the Court should strike the reply because Plaintiff did not obtain leave to file the reply and that the Court should strike the affirmation because by filing it, Plaintiff impermissibly modified or supplemented the administrative record. Plaintiff argues he filed the reply in accordance with the "relevant ECF docket notifications and local custom." (Plaintiff's Opposition at 6, ECF No. 58.)

Plaintiff's argument is unpersuasive. The filing of a reply memorandum without leave of Court is in direct contravention of the Scheduling Order. "[The case management of all cases on the ERISA track shall be governed by the scheduling order." D. Me. Loc. R. 16.3(f)(2). The reply deadline referenced by Plaintiff is automatically generated by the court's electronic docketing system and cannot reasonably be construed as the Court's decision to grant sua sponte the Plaintiff leave to file a reply memorandum. Because the

reply memorandum was explicitly not authorized by the Scheduling Order and because Plaintiff has otherwise offered no basis to allow a reply without leave of Court, the Court strikes Plaintiff's reply.[1]  *See Weeman v. Life Ins. Co. of N. Am.*, No. 2:18-cv-00278-JAW, 2019 WL 4724275 at *1 n.1 (D. Me. Sep. 26, 2019).

Plaintiff's filing of the affirmation raises similar concerns.  In the Scheduling Order, the Court established a deadline for the parties to seek to modify the administrative record. Plaintiff did not object to the Scheduling Order or move to modify the record. Rather, he moved for judgment citing extensively to the administrative record.  (Plaintiff's Motion for Judgment, ECF Nos. 45, 45-1.)   He filed the affirmation, without leave of Court, in response to Defendant's motion for judgment.  Plaintiff argues that he did not move to modify the record because the testimony in the affirmation was not part of the administrative proceeding.  Plaintiff's argument suggests that in certain cases, on a motion for judgment in an ERISA case, a party may create and file, without leave of court, evidence that was not presented to and considered by the Plan administrator.  Plaintiff's approach would essentially disregard the Scheduling Order and its deadlines. The Scheduling Order, which set a deadline for each party to file a motion for judgment on the record, did not authorize a party to file additional evidence other than in accordance with a motion to modify the administrative record.

---

[1] Plaintiff's contention that his filing of a reply was in accord with local custom is also unconvincing.  The fact that parties to another case might have agreed to the filing of reply memoranda does not establish a custom and does not control in this case.

The Court's concern with Plaintiff submitting evidence not contemplated by the Scheduling Order is not simply a matter of form.  Plaintiff's filing raises the question of whether Defendant is permitted to file a counter-affirmation and, if so, whether the Court must conduct an evidentiary hearing to assess the credibility of the declarants if the affirmations are material to the resolution of the issues generated by Plaintiff's complaint.  Plaintiff's filing illustrates the need for the Court, after an opportunity for the opposing party to comment, to assess whether a party may submit additional evidence.  Given the process outlined in the Scheduling Order, the Court cannot countenance the filing of evidence without leave of court.

Even if Plaintiff had sought leave to supplement the record with his affirmation, Plaintiff's request would have failed.  When reviewing an administrative decision regarding a benefit determination in an ERISA case, the Court's review is generally limited to the record of the proceedings before the plan administrator.  *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009).  While the record can be expanded for good reason, the reasons typically involve claims of procedural challenges or bias.  *See Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 520 (1st Cir. 2005).  The affirmation does not address any such claims and Plaintiff has otherwise failed to present a persuasive argument to support supplementation of the record.

Through the affirmation, Plaintiff seeks to expand upon information he provided during the administrative process.[2]  As referenced above, if Plaintiff were permitted to

---

[2] In his memorandum of law in support of his motion for judgment on the record, Plaintiff cites to record evidence of his communications with Defendant regarding the amount of his monthly social security

4

supplement the record with the affirmation, presumably Defendant would also seek to supplement the record with additional information regarding communications between the parties. Such a process would be inconsistent with the general rule that the Court's review is limited to the record before the Plan administrator. The Court discerns no reason to deviate from the general rule in this case. Accordingly, even if Plaintiff had filed an appropriate motion, he has not demonstrated sufficient grounds to supplement the record.

### CONCLUSION

Based on the foregoing analysis, the Court grants the Defendant's motion to strike the reply memorandum and the affirmation.

### NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of November, 2023.

---

benefit. (Memorandum of Law at 6 – 9, 13; ECF No. 45-1.) Plaintiff also argues that he repeatedly provided the correct amount for the setoff and explained to Defendant that its calculation appeared to be "off." (*Id.* at 15.)